HERMANN A. WIDEMANN *vs.* LORRIN A. THURSTON,
Minister of the Interior.

ON APPEAL FROM PRESTON, J., SUSTAINING DEMURRER.

OCTOBER TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

A suit by way of mandamus to compel a Government officer to perform a ministerial duty cast upon him by statute, or by way of injunction to restrain him from doing an act in violation of a statute, is not a suit against the Government within the Act of 1888, to provide for the bringing of suits by and against the Hawaiian Government.

The grade of the street on which petitioners warehouse was built was raised several feet, much to petitioner's damage, as claimed by him.

Held, the injury to property by a change of grade, made in pursuance of Legislative authority, is not such a "taking of property" as the Constitution forbids, without compensation.

OPINION OF THE COURT, BY PRESTON, J.

This is a suit for an injunction to restrain the defendant from proceeding with the grading of Halekauila street in the city of Honolulu.

The bill states that the complainant is seized in fee of certain lands, tenements and hereditaments situate on and along said street. That complainant had at a cost of over $20,000 erected warehouses on said land, for the use of which he was in receipt of over $4,000 as annual rental. That prior to the erection of said warehouses, at the request of the complainant, S. G. Wilder, then Minister of the Interior, went to said premises with complainant, and examined the height above the ground as it then was, at which complainant proposed to erect

such warehouses, and assured complainant that as far as the grade of said Halekauila street was concerned, complainant was safe in erecting such warehouses at such height as so proposed by him, and that complainant relying on such assurance erected said warehouses at the same height above the ground according to said assurance of said Minister of the Interior. That the defendant is altering said street by raising its grade several feet above the grade thereof as indicated as aforesaid to complainant by said former Minister of the Interior, so that such new grade, when established and completed, will render said warehouses unsafe and impracticable for use, and greatly deteriorate and injure the value thereof and diminish the value of all complainant's said property. And complainant alleges that such altering and grading of said street is now being made by defendant, and in a manner unnecessarily deteriorating and diminishing the value of complainant's property by making such grade at the least one foot higher than is reasonably required for the public use. And that defendant although requested by complainant to cause such proceedings to be taken in the premises for assessing the damage likely to be sustained by complainant, thereby or otherwise to compensate complainant for such damage, or else to desist from such altering of said street, and such raising of the grade thereof, refuses to accede to such request and claims that he is authorized so to act by the provisions of Chapter LXIV. of the Session Laws of 1886. And complainant submits that his property is thus taken and about to be taken for public use without due process of law or just compensation, and that a writ of injunction ought to issue enjoining, restraining and prohibiting the defendant, or any one acting under his authority or direction, from such altering of said street, or raising the grade thereof, as aforesaid, without first causing compensation to be made to the complainant for the damage thereby caused and likely to be caused to his property as aforesaid, and such writ is thereby prayed for, and for such other and alternative relief as the nature of the case may require and to justice shall appertain.

An order was issued calling upon the defendant to show cause why an interlocutory injunction should not issue, and the Attorney-General appeared to show cause, and filed a plea to the jurisdiction of the Court, on the ground that the suit was a suit against the Hawaiian Government, and was not brought in the manner required by sections 2 and 3 of "An Act to provide for the bringing of suits by and against the Hawaiian Government."

The plea was overruled and the defendant demurred to the bill for want of equity. The demurrer was argued before Mr. Justice Preston, who sustained it. The complainant appealed. The appeal was heard at the October Term, when the following statutes were cited or referred to:

Civil Code, Section 167. "The Minister of the Interior shall be and is hereby charged with the superintendence and management of the internal improvements of the Kingdom."

Civil Code, Section 184. "Upon the request of fifty or more taxpayers of any district to the Minister of the Interior, that a new road, highway or street be opened, or that an old road, highway or street be shut up, or widened or altered, or if it shall be made to appear to the Minister of the Interior in any other way, that any road, highway or street should be opened, widened or otherwise altered, the said Minister of the Interior shall request any Judge of a Court of Record to select a list of twenty-four names from among the legal voters of the district in which the improvement or alteration is contemplated, from which such Judge shall direct the Marshal of the Kingdom, or the Sheriff of the Island in which the improvement is contemplated, to draw a jury of six persons to decide on the propriety of the measure proposed, and the decision of such jury, or a majority of them, shall be certified immediately to the Minister of the Interior, who is hereby authorized and empowered to take action in accordance with such decision of such jury."

Civil Code, Section 185. "In laying out, closing or widening any road or highway, respect shall be had to the private vested rights of property which any individual may have in the land affected by any such proposed work. It shall be the duty of the

Road Supervisor immediately after such proposed work shall be determined upon, to cause notice to be posted along the line of such proposed new road, street or highway, proposed to be closed, opened or widened or altered, advertising the fact and calling upon all parties interested therein, to bring forward their claims to the nearest Circuit Judge, Police or District Justice, and it shall be the duty of such Judge or Justice to forward a list of all such claims to the Minister of the Interior."

Civil Code, Section 186. " Upon the receipt of such claims, if the Minister of the Interior and the several claimants cannot agree upon the amount to be paid to such claimants, the said Minister shall appoint three disinterested ·persons as Commissioners, or may request any Judge of a Court of Record to cause a jury to be summoned and drawn in like manner as before provided, to assess the value of the private property, or such damage likely to be sustained by the owner or occupier of any land to be taken for the proposed improvement, whose decision, or the decision of a majority of them, shall determine the price to be given by the Government for such private property, or for such damages as the case may be, and such Commissioners or jury shall send a certified copy of their decision to the Minister of the Interior and another to the claimant."

An Act to establish the grade of streets and highways, and the grade and widths of sidewalks in the city of Honolulu. (Approved 15th October, 1886.)

"Section 1. It shall be the duty of the Minister of the Interior to appoint a Commission of three Civil Engineers, one of whom shall be the Superintendent of Public Works, to establish the grades of all streets and highways, and the grades and widths of all sidewalks thereon in said city of Honolulu.

"Section 2. It shall be the duty of the Commission provided for in Section 1 of this Act, to carefully survey, level and grade the streets, highways. and sidewalks, as they may be directed by the Minister of the Interior, and make proper and complete plans and profiles of the same, with the grade line and widths recommended by them distinctly marked thereon. Such plans

and profiles shall be signed by the Commissioners, and the Minister of the Interior shall countersign the same and cause the official seal of the Department of the Interior to be affixed thereto.

"Section 3.   The plans and profiles described in Section 2 shall be known as the official map, showing grades and sewers of the streets, highways and sidewalks which they describe, in the said city of Honolulu, to which all works on the streets, highways and sidewalks shall conform, and they shall be preserved in the archives of the office of the Superintendent of Public Works.   Such plans and profiles shall be open at all times to the inspection of parties interested, without charge."   *   *   *

An Act to provide for the bringing of suits by or against the Hawaiian Government.

"Section 2.   Whenever any citizen of this Kingdom, or other person, shall have a claim or claims against the Hawaiian Government, which said Government shall refuse or neglect to satisfy or adjust, it shall be competent for such person to bring and maintain a suit or suits against said Government in any appropriate Court of Record of the Kingdom for the purpose of adjusting such claim or claims.

"Section 3.   No such suit as mentioned in Section 2 of this Act shall be permitted to be filed in any Court, nor shall any process issue from any Court therein, until the complaint, libel or declaration proposed to be filed in such cause, shall have been submitted to the Justices of the Supreme Court, and . shall have been endorsed by a majority of such Justices, with an allowance of process against the said Government therein. If, upon such submission, the said Justices shall be of opinion that the claim set forth in such complaint, libel or declaration, is a fair subject for judicial investigation, it shall be the duty to allow process to issue therein, otherwise to withhold such allowance.   Provided, however, that no suit shall be authorized, nor shall any process issue against the Government, based on any contract or any act of any Government officer which such officer is not authorized to make or do by the laws of this Kingdom."

Constitution, Article 9. "No person shall be deprived of his property without due process of law."

Article 14. "Private property may be taken for public use but only upon due process of law and just compensation."

*C. W. Ashford* (Attorney-General), for the respondent submitted that the Court had no jurisdiction, as this was a suit against the Hawaiian Government, although nominally against the Minister of the Interior.

*A. S. Hartwell*, for the appellant: "The suit is brought, not against the Government, but against one of its officers. The Court may, by *Mandamus*, compel the performance of Ministerial duties, or by injunction restrain from doing that which the fundamental or other laws prohibits."

A suit to get a State officer to do what a Statute requires of him is not a suit with the State. "The litigation is with the officer, not with the State." *Ralston vs. Missouri Fund Commissioners*, 120 U. S., 411; *Board of Liquidation vs. Mc'Combe*, 92 U. S., 531; *In Re Ayres*, 123 U. S., 506.

If the defendant can grade or level a street under the power of general superintendence over all public improvements, he must follow the statutory requirements of giving notice, etc. Civil Code, Sections 182 *et seq.*

It is claimed that the bill does not aver irreparable injury from the act complained of. But "irreparable injury" does not mean that there must be a physical impossibility of repairing the injury. All that is meant is, that the injury would be a grievous one, or at least, a material one. Kerr on Injunctions, p. 211.

The Court will restrain public functionaries from causing permanent injury to property as distinguished from mere damage. Kerr on Injunctions, p. 357.

It is claimed for the defendant that the plaintiff's injury is one for which the law gives no remedy.

The grading of a street is an alteration within the meaning of the law. Civil Code, Sections 182 *et seq*; *Sawyer vs. Keene*, 47 N. H., 173; *Nutter vs. Accrington*, 4 L. R. Q. B. Div., 375, per Cotton L. J.; *Waddell vs. Mayer, etc.*, 8 Barbour, 97.

The Court will always, if reasonably practicable, so construe statutes as to avoid undue exercise of executive power, to the actual injury of individuals, and especially will seek to avoid declaring a law unconstitutional. But if the grading of the street is not authorized, except under the Act of 1886, then it is contended that the act itself is unconstitutional and void, as authorizing the taking of the plaintiff's property for public use, without due process of law or just compensation.

The question then is, whether the plaintiff's property is "taken" in the meaning of the Constitution.

The true meaning of the word "taken" is well shown in *Pumpelly vs. Green Bay Co.*, 13 Wall. 166; See also *Harding vs. Stamford Water Co.*, 41 Conn., 87; *Trenton Water-Power Co. vs. Raff*, 36 N. J., 335; *Hooker vs. Newhaven Co.*, 14 Conn., 146; *Delaware and Raritan Canal Co. vs. Lee*, 2 Zab., 243; *Eaton vs. B. C. and M. R. R.*, 51 N. H., 504.

In Ohio the liability of municipal corporations is held to include all consequential injuries resulting from the exercise of their lawful powers. *Akron vs. Chamberlain Co.*, 34 Ohio St., 320.

The Constitution not only prohibits the taking of private property but declares (Article 9) that "no person shall be deprived of property without due process of law." *Deprive* means to hinder from possessing as well as to dispossess. (Worcester.)

The bill avers that the defendant makes the grade higher than the public use reasonably requires and that he is unreasonably diminishing the value of the plaintiff's property. This is a reason for granting the relief prayed for. Green's Brice's Ultra Vires, pp. 388, 399.

*C. W. Ashford*, for defendant. The right of the Court to take jurisdiction of the case is denied on the ground that it is a suit against the Hawaiian Government, in which no statutory authority to sue has been obtained.

It was not claimed in argument, nor does the complainant contend that his suit can be maintained if it be in fact and in law a suit against the Hawaiian Government.

The case *In Re Ayers*, 123 U. S., 443, 487, is very closely in point in the case at bar, and fully supports the contention that this is a suit against the Hawaiian Government.

The Court can go behind the record to see who is the actual party. *Cunningham vs. Macon and Brunswick R. R. Co.*, 199 U. S., 446 ; *Hagood vs. Southern*, 117 U. S., 52.

The Court will not pass upon the question of the unconstitutionality or invalidity of a statute unless there is an express allegation of such invalidity in the bill.

If it be contended that the allegation in the bill, (introduced as amendment, to cover the point) that the grade as established on Halekauila street is "higher than necessary," is sufficient to put the Government on its defense and to warrant a judicial inquiry, then the proposition is combatted on the following grounds : A reference to chapter LXIV. of the laws of 1886, under which it is alleged that we are proceeding, shows that certain discretionary powers have been reposed in the Commissioners therein provided for, as to the grade levels of the entire system of streets of the city. An assertion that those Commissioners have fixed any grade higher or lower than "necessary," at once involves an inquiry into and solicits a review of the soundness or otherwise of the exercise of their discretion, which is a function beyond the province of this Court.

"A Court cannot substitute its own discretion for that of executive officers, in matters belonging to the jurisdiction of the latter." *Board of Liquidation vs. McComb*, 92 U. S., 531, 541.

Damage sustained by reason of a change of grade is not a "taking," within the meaning of the Constitution. Cooley's Constitutional Lim., 207, 541, 542 ; Dillon's Mun. Corp., Section 992.

It is submitted that in making the grade of Halekauila street, complained of, the defendant was acting lawfully, in pursuance of a valid statute, and that there is no obligation upon the Government, or elsewhere, to recompense the complainant for injuries resulting to him by reason of such lawful act. *Callendar vs. Marsh*, 1 Pick., 418, 430; *Smith vs. Washington*, 20 Howard, 135, 148; *Pontiac vs. Carter*, 32 Mich, 164.

The conversation with the Minister of the Interior, set forth in the bill, cannot affect this case. Such Minister had no authority to alienate the legislative power of the Government as to the grade of any street.

Even if such conversation could be construed into a contract, it could not preclude the proper authorities from subsequently changing the grade by legislative sanction. *Gale vs. Kalamazoo*, 23 Mich., 344.

"Courts will not inquire whether the grade adopted be the best one, or whether one causing less damage would not equally have answered the purpose; and the reason is that the determination of such questions has been committed by the Legislature to the governing body of the corporation, and not to the Court." 2 Dillon Mun. Corp., p. 1004, note, and cases cited.

### By the Court.

The first question to be considered is: Is this proceeding a suit against the Government?

In order to answer this, we must ascertain from the bill of complaint itself, what acts are complained of and what relief is asked.

The bill is not framed in a manner to inform the Court as to what specific laws the complainant relies upon to entitle him to the relief by injunction asked for, except the allegation that his property "is taken or about to be taken for public use, without due process of law or just compensation," being the wording of a part of Article 14 of the Constitution, but from the argument and the allegation in the bill "that the defendant, although requested to cause such proceedings to be taken in the premises for assessing the damage likely to be sustained by complainant or otherwise to compensate him for such damage," we understood the complainant to maintain it to be the duty of the defendant to take the proceedings mentioned in Sections 184, 185 and 186 of the Civil Code before commencing to grade the street in question, and which duty he has neglected and refused to perform.

We are not aware of any other proceeding provided by law for assessing damages occasioned to property affected by the * * * "altering" of a street or highway.

In considering this part of the case, we do not consider it to be necessary to refer to the allegation as to the conversations between the complainant and the former Minister of the Interior, as the bill does not allege that the arrangement or understanding (if any) arrived at between them is binding upon this defendant, or that it was his duty not to alter the level of the street as then existing.

The Attorney-General relied principally upon "*In Re Ayres*," 123 U. S., pp. 443, 516, in his contention that this is in effect a suit against the Government.

In that case it was held that a suit brought to restrain the Attorney-General and other officers of the State from bringing suits pursuant to statute in the name of the State, and for its use in the State Courts, was a suit against the State within the meaning of the Constitutional provision that "The judicial power shall not extend to any suits in law or equity commenced or prosecuted against one of the United States by citizens of another State, or by the citizens or subjects of any other foreign State."

This decision, if the facts of the case now under consideration were similar, we might adopt; but, in our opinion, they are entirely different.

Mr. Justice Field, in his concurring opinion in the case cited, says: "There are many cases—indeed they are of frequent occurrence—where officers of the State, acting under legislation in conflict with the Constitution and laws of the United States, may be restrained by the Federal Courts, as where those officers attempt by virtue of such legislation to take private property for public use without offering compensation, or in other ways to deprive one of the use and enjoyment of his property. I do not understand that the opinion of the Court is against the doctrine, but on the contrary, that it is recognized and approved. There is a wide difference between restraining officers of the

State from interfering in such cases with the property of the citizen, and restraining them from prosecuting a suit in the name of the State in her own Courts to collect an alleged claim."

The complainant here seeks to restrain the defendant from proceeding with a public work, until he has taken what are alleged to be preliminary statutory steps to authorize the commencement of such work.

It is the undoubted right and duty of the Court to interfere by mandamus or injunction to compel a Government officer to perform a Ministerial duty cast upon him by a statute, or to restrain him from doing any act in violation of a statute.

This principle was adopted by this Court in *Castle vs. Minister of Finance*, 5 Hawn., page 27.

We are of opinion that the case at bar is within this principle, and that therefore the Court has jurisdiction to entertain it.

It appears to us to be very doubtful if the statute, " To provide for the bringing of suits by or against the Hawaiian Government," contemplates a suit for an injunction against the Government, so that if this Court should be compelled to hold that this suit could not be maintained for the reasons alleged, persons aggrieved would be unable to obtain an injunction against illegal acts committed or threatened by public officers.

The next point for consideration is, whether the acts alleged in the bill amount to a "taking" of complainant's property within the meaning of the constitutional provisions ?

The complainant relies upon the following cases : *Harding vs. Stamford Water Co.*, 41 Conn., 87 ; *Hooker vs. Newhaven Co.*, 14 Conn., 146 ; *Delaware and Raritan Canal Co. vs. Lee*, 2 Zab., 243 ; *Eaton vs. B. C. & M. R. R.*, 51 N. H., 504 ; *Pumpelly vs. Green Bay Co.*, 13 Wall., 166 ; *Trenton Water-power Co. vs. Raff*, 36 N. J., 335.

. In all these cases it appears that some actual interference with the plaintiffs' lands so as to deprive them of the use of the lands took place, either by overflowing the lands with water, or by taking or diverting water from them. In the four last cited cases the actions were in trespass for damages.

The allegation in the bill in this case is, "that such new grade when established and completed will render complainant's said warehouses unsafe and impracticable for use and greatly deteriorate and injure the value thereof, and diminish the value of all complainant's said property," and submits that his property is thus taken and about to be taken for public use without process of law or just compensation.

It does not appear to us that the injury alleged brings this case within the authorities cited as amounting to a "taking" of the property. The work may cause a damage to the plaintiff's property for which he might, except for the reasons hereafter appearing, be entitled to compensation by action, but does not constitute a "taking" of the property.

In some of the recent constitutions of the American States, provision is made for "taking or damaging" property, and the State of Illinois has amended its Constitution by adding to the word "taken" the words "or damaged." We refer to this to show that the word "taken" was not deemed sufficient to cover damage similar to that alleged here. See also *Transportation Co. vs. Chicago*, 99 U. S., 635.

We come now to the question as to the right of the defendant to establish the grade of the street in question under the statute before referred to.

The complainant urges that the defendant has no such right, and that the statute is unconstitutional as authorizing the taking of property " without due process of law or just compensation."

We have already held that the injury complained of is not a "taking," and we see nothing in the statute to authorize the taking of any property under the interpretation we give to the word. The point as to the constitutionality of the law is not made by the bill, and as at present advised the law does not appear to us to be unconstitutional.

We have considered the authorities cited by counsel on the authority of public bodies to grade streets and highways, and as to the right of parties whose property may be injured by such grading to compensation.

31

In the leading American case, *Callendar vs. Marsh*, 1 Pick., 418, 430, Parker, C. J., sets forth the right of the public : " The streets on which the plaintiff's house stands had become public property by the act of laying them out conformably to law, and the value of the land taken must have been either paid for or given to the public at the time, or the street could not have been legally established. Being legally established, although the right of title remains in him from whom the use was taken, yet the public acquired the right not only to pass over the surface, on the state it was when first made a street, but the right also to repair and amend the street, and for this purpose to dig down and remove the soil sufficiently to make the passage safe and convenient. Those who purchase house lots bordering on streets are supposed to calculate the chance of such elevations and reductions, as the increase of population of the city may require, in order to render the passage to and from the several parts of it safe and convenient; and, as their purchase is always voluntary, they may indemnify themselves in the price of the lot which they buy, or take the chance of future improvements as they shall see fit." " He who purchases lots for the purpose of building on them is bound to consider the contingencies which may belong to them."

It may be proper to remark here that Halekauila street was laid out by the Government on Government land, and was not acquired from a private person.

In *Pontiac vs. Carter*, 32 Mich., 163, the Court held that " An action will not lie against a city for damages for the injury to adjacent property caused by a change having been lawfully made by the proper city authorities in the grade of a public street; and the fact that the grade had once before been fixed, and the plaintiff had built with reference to it, while it makes more manifest the particular hardship, would introduce no new elements into the case, nor would it affect the principle ; there is precisely the same reason and the same justification for changing a grade once established, when the public convenience is found to require it, that there is for fixing it in the first place."

In delivering the opinion of the Court, Cooley, J., said : "The weight of authority against this action is overwhelming : " and cites numerous authorities, both English and American, in support of the principles laid down.

The whole current of authority, with the exception to some extent of the Ohio decisions to which we have been referred, supports this view.

But the Ohio decisions do, to some extent, recognize the principle contended for by the defendant. See *Akron vs. Chamberlain Co.*, 34 Ohio St., 335.

In this case the Court reviews its previous decisions, and says : " We are now unanimously of opinion that if the subsequent grade be reasonable, or in other words, if it be established in the reasonable exercise of the authority conferred on the municipality at the time it is made, then such grade should have been anticipated by the owner of the adjacent lot, and his improvements should have been made with reference thereto. Whatever latitude there may be in the exercise of discretion in fixing the grade of a street is lodged in the municipal authorities, and not in the adjacent lot-owners. While we recognize the general rule to be that no liability on the part of a municipality for injury to abutting property by reason of the improvement of a street exists, where such improvement is properly made, yet this rule is subject to the exception that where abutting property is improved with reference to an existing street, so graded or improved under the authority of the public agents having the control thereof, as to indicate fairly and reasonably permanency in the character of the street improvement, a liability is cast upon the city or village for injuries resulting from subsequent changes."

We do not understand by the bill that it is claimed the conversation with Mr. Wilder operated so as to bind the Government to allow the street to remain in its then condition, or that the street was then graded ; if it is so contended, it is clear that the action should be against the Government, and not against the individual officer.

It is urged that the act of grading of the street is an alteration within the meaning of Sections 184 *et seq.* of the Civil Code; but, upon a careful consideration of such sections, we do not think that grading a street is such an alteration as is there contemplated.

The Legislature has thought fit to enact a law providing for the establishing a grade for all streets in Honolulu, and has given to the commission authorized a discretion in fixing such grades, and it appears to us that in so doing it must have intended the sole authority to vest in such commission.

It seems to us that it would be impossible to carry out the law, and would be absurd if we should hold that after the commission had decided upon a general grade for the city, it should be necessary to impanel a jury to ascertain whether they thought the grade of a particular street should be established according to the recommendation of the commission. If they should negative the necessity, the whole scheme would be rendered useless.

It is claimed by counsel for the appellant on argument that, under the prayer for general or alternative relief, the Court might order a jury to be impanelled; but even if we thought we had such power the appellant would not be entitled to it under this general prayer.

" Where alternative relief is prayed, a distinct line should be drawn clearly stating the respective facts on which the inference of law is to arise on each alternative view. The plaintiff is not allowed to allege two inconsistent states of fact, and ask relief in the alternative, but he may state the facts and ask relief according to the conclusions of law which the Court may draw from them, although this may be presented in two or more alternatives." Story, Equity Pleadings, Section 420.

It appears by the bill that the appellant acquired the land on Halekauila street in February, 1881. (We may observe here that Mr. Wilder went out of office in August, 1880.)

In 1880 a law was passed " To provide for the drainage and sewerage of the city of Honolulu," whereby full powers were

given to the Minister, with the advice of the Privy Council, to construct and make sewers and drains in the city, and to execute all works necessary.

It seems to us that the defendant has not, according to the case made by the bill, done anything to warrant the Court in restraining him.

Upon principle and authority we must hold that the appellant has not sustained, or is liable to sustain, any injury to warrant the interference of the Court.

He built at his own risk and according to his own idea of what would be a proper grade for the street; but it seems to us that he did not sufficiently consider the state of the street and the surrounding property and the probable requirements of the city, especially as the Act authorizing the construction of sewers was in force, even supposing the street was then graded, much less so when it does not appear to us and it is not alleged that the first grade of the street had been established.

For the reasons before given, we are of opinion that the appeal should be dismissed, with costs, and the decree appealed from affirmed.

*A. S. Hartwell*, for appellant.

*C. W. Ashford* (Attorney-General), for respondent.